UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

KIM WILLIE BROWN,                )
                                 )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )    16-CV-1258
                                 )
MEDICAL DIRECTOR CARUSSO,        )
NURSE SHAWNA AND                 )
WEXFORD MEDICAL,                 )
et al.                           )
                                 )
    Defendants.                  )
                                 )

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from Pontiac Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that his rights under the Health Insurance Portability and Accountability Act (HIPAA) and his privacy rights were violated on November 8, 2015 and November 17, 2015 when another inmate who shares the same last name as Plaintiff was called for medical care that was supposed to be for Plaintiff. According to Plaintiff, on November 8, 2015, the medical staff announced loudly to the other inmate Brown and others in the waiting area about Plaintiff's condition and treatment. Distressed upon learning this, Plaintiff inserted a pen into his penis and then was put on constant watch because Plaintiff refused to allow medical staff to take the pen out. On November 17, 2015, the other inmate Brown was escorted to an x-ray that had been ordered for Plaintiff. The staff told the other inmate Brown why Plaintiff had been scheduled for the x-ray.

There is no right of private action under HIPAA, which means that Plaintiff cannot sue for the violation of his rights under that

Act.  *See* Doe v. Bd. Trustees Univ. Ill., 429 F.Supp.2d 930, 944 (N.D.Ill.2006) ("Every court to have considered the issue, ... has concluded that HIPAA does not authorize a private right of action")(collecting cases); Carpenter v. Phillips, 419 Fed.Appx. 658 (7th Cir. 2011)(nonprecedential)("To the extent that Carpenter reasserts a claim under HIPAA, the district court correctly concluded that such a claim was not cognizable because HIPAA does not furnish a private right of action.")  Whether Plaintiff has a constitutionally protected privacy right in nondisclosure of his medical/mental condition is unclear, but a possible Eighth Amendment claim might be stated regardless.  Anderson v. Romero, 72 F.3d 518, 524 (7th Cir. 1995)(not deciding question but remarking that, if "prison officials disseminated humiliating but penologically irrelevant details of a prisoner's medical history, their action might conceivably constitute the infliction of cruel and unusual punishment; the fact that the punishment was purely psychological would not excuse it.")  Additionally, given Plaintiff's alleged fragile mental state, the alleged actions might plausibly arise to deliberate indifference to Plaintiff's serious mental health

needs.  Accordingly, this case will proceed pursuant to the standard procedures.

**IT IS ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states potential constitutional claims for the intentional disclosure, for no legitimate penological reason, of Plaintiff's medical/mental conditions and treatment to other inmates and staff.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to

the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)   This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11)   The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial

filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.

12) The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED: 7/27/2016

FOR THE COURT:

    **s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE